UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter A. Kaminski,<br>             Plaintiff,<br><br>vs.<br><br>Unum Life Insurance Company of America,<br><br>             Defendant. | **Case No.: 19-CV-01997-SRN-DTS**<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Peter A. Kaminski respectfully submits this Reply Memorandum in support of his Motion for Summary Judgment.

**LIFE WAIVER OF PREMIUM STANDARD OF REVIEW**

Plaintiff corrects his statements regarding the standard of review for the life waiver of premium ("LWOP") determination considering the Eighth Circuit's recent decision *McIntyre v. Reliance Standard Life Ins. Co.*[1] In that case, the Court clarified that "[an] administrator's delay in deciding an appeal is not a trigger for *de novo* review. It is, rather, a factor to be considered by the district

---

[1] ___ F3d. ___ 2020 WL 4591028 (8th Cir. Aug. 25, 2020).

1

court when reviewing the administrator's decision for an abuse of discretion."[2] As applied to this case, the Court should consider that UNUM's decision regarding Kaminski's LWOP claim was an abuse of discretion because the insurer's failure to collect the relevant information or perform a rudimentary analysis of the LWOP claim is a factor—along with UNUM's conflict of interest as decision-maker and payer—that show discretion was abused. The only medical evidence in Kaminski's LWOP file was Dr. Engineer's office notes for 4/26/17[3] and 5/24/17[4] and her letter of 5/24/17.[5] Notably, these records are supportive of Kaminski's claim. But they are but a small volume of the medical records supporting Kaminski's claim. Even more startling is the absence of any of UNUM's medical reviewer's reports in the LWOP file. Without the medical reviewer reports, there is nothing to support the LWOP determination of non-entitlement. In short, the LWOP decision-maker made no independent analysis and merely adopted the decision of the LTD department. UNUM's LWOP decision is therefore wholly without support and an abuse of discretion.

---

[2] *Id.* at *7.

[3] LWOP 137-39.

[4] LWOP 145-57.

[5] LWOP at 151.

## **UNUM FAILED TO INVESTIGATE PLAINTIFF'S PAIN**

Kaminski's disability is primarily attributable to the permanent nerve damage resulting from his cervical spine injury. The nerve damage causes Kaminski pain in his arms, shoulder, neck, and legs. It also causes some instability and loss of sensation. <u>Kaminski's most significant issue is severe pain.</u>

The facts show that UNUM paid for this chronic pain in 2015 for the entire duration of STD benefits and another six weeks of LTD. When the pain worsened in the summer of 2016, UNUM again paid the entire six months of STD benefits based on this same condition but concluded that the same pain did not warrant LTD benefits.[6]

UNUM's decision was based on three paper reviews that judged the "aggregate" of Kaminski's recent activities to be "inconsistent" with Kaminski's pain complaints.[7] In other words, UNUM's paper reviewers concluded that Kaminski's pain was not credible. In doing so, UNUM rejected the opinion of Kaminski's treating physician who had seen him numerous times and provided

---

[6] See Statement of Facts in Plaintiff's Memorandum in Support of His Motion for Summary Judgment.

[7] Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 17.

therapies as well as referrals for care for his pain. UNUM's reviewers also disregarded the significance and permanence of the acknowledged injury, and the history of pain treatments Kaminski had undergone. Most importantly, UNUM's paper reviewers decided—without the benefit of examining or interviewing him—that Kaminski's pain was just not credible.

"Some disabling conditions are not amenable to substantiation through objective medical evidence, and ERISA plans may not deny benefits by requiring such evidence where it cannot exist," noted the court in *Bowlin v. Prudential Life Ins. Co.*[8] Courts have routinely opined that assessing pain or other conditions with subjective symptoms requires a credibility determination best made by those who see the claimant regularly and have an opportunity to make in-person observations.[9] The *Bowlin* court found a paper

---

[8] 2018 WL 1441175 at 11 (C.D. Ca. March 22, 2018).

[9] *See Medefesser v. Metropolitan Life Ins. Co.*, 2019 WL 6481794 at 11 (D. Ore. E.D. Sept. 5, 2019)(paper reviewers could not assess credibility or observe reported pain); *Shaw v. Life Ins. Co. of North Amer.*, 144 F.Supp.3d 1114, 1129 (C.D. Ca. 2015) ("The credibility of physicians' opinions turns not only on whether they report subjective complaints or objective medical evidence of disability, but on (1) the extent of the patient's treatment history, (2) the doctor's specialization or lack thereof, and (3) how much detail the doctor provides supporting his or her conclusions," citing *Williams v. United of Omaha Life Ins. Co.*, 2013 WL 5519525 at 12 (N.D. Ala. Sept. 30, 2013)); *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1109 n.8 (9th Cir. 2003) (Treating physicians "have much greater familiarity with the

4

reviewer's opinion focusing on a few inconsistent activities similar to those of Kaminski – taking a trip, visiting friends, going to the gym - unpersuasive when compared to the claimant's long medical treatment history of reported subjective mental health symptoms.[10]

The Sixth Circuit "found fault with file-only reviews in situations where the file reviewer concludes that the claimant is not credible without having actually examined him or her."[11] In a similar case, the Sixth Circuit found abuse of discretion where an insurer discounted a claimant's pain where the insurer had the opportunity to conduct a physical examination and failed to do so.[12]

Kaminski's long history of care for his spinal injury supports his claim. Kaminski's physician, who has treated him for a continuous period of time supports his claim to pain. Kaminski's medical records from the Craig Hospital and the evaluators there tasked with evaluating his pain found him credible and

---

patient than [the] hired physicians, which makes the opinions of the former substantially more compelling.").

[10] 2018 WL 1441175 at 13 (C.D. Ca. Mar. 22, 2018).

[11] *Judge v. Metro. Life Ins. Co.*, 710 F.3d 651, 663 (6th Cir. 2013) (citations omitted).

[12] *Guest-Marcotte v. Life Ins. Co. of North Amer.*, 730 Fed.Appx. 292, 301 (6th Cir. 2018).

felt that he could not do the job at LOL. Kaminski's FCE reviewer who spent time interviewing and testing Kaminski found his pain credible and his limitations valid.

Presented with a lack of agreement between Kaminski's physicians and its own paper reviewers, UNUM had several options to investigate further, including an Independent Medical Examination, a Functional Capacity Evaluation, an in-person interview of Kaminski, or surveillance. UNUM failed to use any of the tools at its disposal to determine whether Kaminski's pain complaints were credible. Instead, UNUM wholly relied on carefully selected "inconsistencies" that allegedly undermined Kaminski's disability claim.[13] Such reliance is an abuse of UNUM's discretion and insufficient to support its position.

## CONCLUSION

For the reasons expressed here and in Kaminski's principal brief in support of his motion for summary judgment, Plaintiff asks the Court to deny UNUM's motion for summary judgment and grant Plaintiff's motion.

---

[13] See "Improper Reliance on Alleged Inconsistencies" on pp. 51-53 in Plaintiff's Memorandum in Support of His Motion for Summary Judgment.

| | |
|---|---|
| Dated: September 8, 2020 | By: S:/<u>Nicolet Y. Lyon</u><br>Katherine L. MacKinnon (#170926)<br>Nicolet Y. Lyon (#0391954)<br>LAW OFFICE OF KATHERINE L. MACKINNON, P.L.L.C.<br>2356 University Ave W. Ste. 230<br>(952) 915-9215 (ph)<br>(952) 915-9217 (fax)<br>kate@katemackinnon.com<br>nicolet@katemackinnon.com<br>***Counsel for Plaintiff Peter A. Kaminski*** |